**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE F. CRUZ,

    Petitioner,

v.

KAREN TAYLOR,

    Respondent.

Civil Action No. 23-3305 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the Court's *sua sponte* review of Petitioner Jose F. Cruz's application to proceed *in forma pauperis* (ECF No. 1-2) and petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.)  Having reviewed the application and good cause having been shown, Plaintiff's application to proceed *in forma pauperis* is granted. As Petitioner shall be granted *in forma pauperis* status, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

## I. BACKGROUND

Petitioner is a state pre-trial detainee currently held in the Camden County Correctional Facility. (ECF No. 1 at 1.) According to Petitioner, he is currently detained on armed bank robbery charges, which he believes will ultimately fail at trial. (*Id.* at 6.) Petitioner thus seeks his release or an immediate trial as he believes himself to be innocent. (*Id.* at 6-7.) Petitioner's chief concern appears to be that he has been in jail for just over a year and his trial has yet to commence, which this Court infers to be a Speedy Trial claim. (*See* ECF No. 1-1.) The Court notes that this is not Petitioner's first attempt to bring a pre-trial habeas as to his current period of detention. Petitioner previously filed a substantially similar habeas petition, which this Court dismissed in February 2023. *See Cruz v. Taylor*, No. 22-7565, 2023 WL 1883280 (D.N.J. Feb. 10, 2023). It does not appear that anything significant has changed with Petitioner's criminal proceedings since his previous petition was dismissed.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

2

### III. DISCUSSION

In his current habeas petition, Petitioner seeks to challenge his pending state criminal charges on what are essentially Speedy Trial grounds. As this Court previously explained to Petitioner,

> Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses including those such as the right to a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

*Cruz*, 2023 WL 1883280 at *1.

As in his previous habeas petition, Petitioner seeks to use his current habeas petition to pre-emptively raise sufficiency of the evidence and speedy trial defenses to his pending criminal charges before the state has had an opportunity to try him on them. As Petitioner has yet to proceed to trial, it is clear that he has yet to exhaust any of his claims, and Petitioner has not shown that there are any extraordinary circumstances in his case which would warrant pre-trial intervention

3

by this Court. As such, this Court must decline to exercise jurisdiction over his claims, and his habeas petition must be dismissed without prejudice until such time as Petitioner has fully exhausted his claims and completed his state court criminal proceedings. *Duran*, 393 F. App'x at 4.

## IV.  CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.\

4

## V.      CONCLUSION

For the reasons expressed above, Petitioner's *in forma pauperis* application (ECF No. 1-2) is **GRANTED**; Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

5